956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Leopold REID, a/k/a Winston George Brown, Defendant-Appellant.
 No. 90-5855.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 6, 1991.
Decided Feb. 26, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-89-157)
 Gary L. Lumsden, Roanoke, Va., for appellant.
 Thomas J. Bondurant, Jr., Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick Leopold Reid appeals his conviction for possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the admission of certain trial testimony and asserting that the evidence was insufficient to sustain the conviction. Reid was informed of his right to file a supplemental brief and has not exercised his right in that regard. We affirm.
 
 
 2
 Reid was arrested by Roanoke, Virginia police officers pursuant to a search of an apartment. The search warrant was based upon an informant's statement that he purchased cocaine from someone in the apartment a few hours prior to the search. According to the officers, when they entered the apartment Reid attempted to escape out the back of the apartment. The officers subdued Reid after a struggle and recovered a package from the floor which a detective testified came from Reid's hand. The package contained forty-two rocks of crack cocaine totalling 8.22 grams. The crack was contained in a plastic baggie and the individual rocks were wrapped in foil. Officers took $210 in small denominations from Reid at the time of his arrest. Reid denied having possession of the cocaine and testified that a friend had loaned him the money. He admitted that he had not had a job in the past several months and that he had lied to the police and the courts regarding his true identity.
 
 
 3
 Reid's counsel contends that the district court committed reversible error in allowing a police detective to testify regarding the circumstances of an earlier encounter with Reid. We find that this testimony was properly admitted under Fed.R.Evid. 404(b). Even if there were an error in its admission, the error was harmless. See Kotteakos v. United States, 328 U.S. 750, 765 (1946); United States v. Davis, 657 F.2d 637, 640 (4th Cir.1981); Fed.R.Crim.P. 52.
 
 
 4
 Reid's counsel also claims that the evidence was insufficient to support Reid's conviction. However, the attack on the sufficiency of the evidence showing that Reid possessed the cocaine is based on the alleged lack of credibility of a witness. The determination of the credibility of the witnesses is within the sole province of the jury and is not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). There was sufficient evidence before the jury to find that Reid possessed the cocaine.
 
 
 5
 There was also sufficient evidence to support the jury's finding that Reid possessed the cocaine with the intent to distribute it. The amount of the cocaine, its packaging, and the cash found in Reid's pocket allowed the jury to find the requisite intent. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3769 (U.S.1991).
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We deny counsel's motion to withdraw.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.